UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEREMY KOON ]
    Petitioner, ]
]
v. ]    No. 3:07-0887
]    Judge Nixon
UNITED STATES OF AMERICA ]
    Respondent. ]

## MEMORANDUM

The petitioner, proceeding *pro se*, is an inmate at the Federal Correctional Institution in Memphis, Tennessee. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentences.

On November 6, 2006, the petitioner pled guilty to two counts of bank robbery.[1] For these crimes, he received an effective sentence of one hundred twenty (120) months in prison, to be followed by three years of supervised release.[2] The petitioner did not take a direct appeal of the convictions.[3] Docket Entry No. 1 at pg. 2.

Instead, on August 31, 2007, he filed the instant § 2255 habeas corpus motion (Docket Entry

---

[1] United States of America v. Jeremy Koon, Criminal Action No. 3:06-00106 (M.D. Tenn.), Docket Entry No. 21.

[2] *Id.* at Docket Entry No. 33.

[3] The petitioner's guilty plea was not conditional in nature. Thus, he did not reserve specific claims for appeal.

1

No. 1) attacking the convictions. In the motion, the petitioner asserts three types of claims. These claims include :

    A)     jurisdictional claims
            1) the Court lacked jurisdiction to convict and sentence the petitioner because there was no evidence in the record that he was ever indicted by a Grand Jury. More specifically, he argues that, in the absence of a juror tally sheet with the indictment, the indictment was invalid;
            2) the Court was without jurisdiction to try the petitioner for bank robbery because the Federal Deposit Insurance Corporation did not insure the banks against robbery; and
            3) the statute (18 U.S.C. § 3231) that gave the Court jurisdiction over this matter is unconstitutional.[4]

    B)     ineffective assistance of counsel claims[5]
            1) counsel failed to challenge the Court's jurisdiction based upon a defective indictment, i.e., the absence of a juror tally sheet;
            2) counsel should have raised the petitioner's claims on a direct appeal of his convictions; and
            3) counsel neglected "to object to the District Court's failure to set a payment schedule with respect to restitution." *see* Docket Entry No. 2 at pg. 1.

    C)     sentencing errors
            1) the Court erred when sentencing the petitioner because the sentencing guidelines were mandatory rather than advisory in nature; and
            2) petitioner's criminal history score was miscalculated.[6]

Upon conducting a preliminary examination of the motion, the Court found that the petitioner

---

[4] Claims A(2) and A(3) were presented in a Supplement (Docket Entry No. 11) to the petitioner's § 2255 motion.

[5] The petitioner was represented at trial by Barry Tidwell, a member of the Rutherford County Bar.

[6] Claim C(2) was set forth by the petitioner in the Supplement to the § 2255 motion.

2

had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No. 3) entered September 25, 2007, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are the government's Response (Docket Entry No. 6) to the petitioner's motion, petitioner's Traverse (Docket Entry No. 10) to the government's Response, petitioner's Supplement (Docket Entry No. 11) to his motion, and the government's Response to the petitioner's Supplement (Docket Entry No. 16). Having carefully considered these pleadings and the record, it does not appear that an evidentiary hearing is needed in this matter. *see* Riggs v. United States, 209 F.3d 828, 831 (6th Cir. 2000)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Consequently, the Court shall dispose of the § 2255 motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

A petitioner is entitled to relief under 28 U.S.C. § 2255 only upon a showing of a fundamental defect in the criminal proceeding which necessarily resulted in a complete miscarriage of justice or an egregious error violative of due process. Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994).

## I. Jurisdictional Claims

The foreperson of a Grand Jury "will record the number of jurors concurring in every indictment and will file the record with the clerk, but the record may not be made public unless the court so orders." Rule 6(c), Fed. R. Crim. P. The petitioner first claims that the foreperson of the Grand Jury failed to file such a statement and, as result, his indictment was defective and this Court lacked jurisdiction to place him on trial. Claim A(1).

The petitioner's allegation is factually incorrect. On June 14, 2006, the foreperson of the

3

Grand Jury filed a Record of Concurrence in compliance with Rule 6(c). This document remains under seal and shows that eighteen (18) Grand Jurors concurred in the issuance of an indictment against the petitioner. A Grand Jury may issue an indictment if at least twelve (12) Grand Jurors concur. Rule 6(f), Fed. R. Crim. P. Thus, the Court finds no merit in this jurisdictional claim.

The petitioner next argues that, because the Federal Deposit Insurance Corporation does not extend its insurance coverage to include robberies, Congress was without the power to enact the federal bank robbery statute under which he was convicted. Claim A(2). This claim, however, is not an accurate statement of the law. Courts have recognized that Congress did have the authority under the Commerce Clause to enact a federal bank robbery statute, regardless of the type of insurance coverage provided by the Federal Deposit Insurance Corporation. United States v. Robinson, 389 F.3d 582, 593-94 (6th Cir. 2004). As a consequence, this claim is also lacking in merit.

The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, over all offenses against the laws of the United States. 18 U.S.C. § 3231. The petitioner's third jurisdictional claim is that this statute was not properly enacted in 1948, depriving the Court of the jurisdiction needed to place him on trial. Claim A(3).

In United States v. Risquet, 426 F.Supp.2d 310 (E.D. Pa. 2006), the court was faced with this same issue and found that the statute in question had been properly enacted and was binding. *Id.* at pg. 311. The petitioner has offered no authority to the contrary. Therefore, the Court finds that it had the jurisdiction needed to resolve the federal bank robbery charges against the petitioner.

## II. Ineffective Assistance of Counsel Claims

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). An ineffective assistance

4

claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". *Id.* Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).

The petitioner first claims that counsel was ineffective for failing to challenge the Court's jurisdiction based upon a defective indictment, i.e., the absence of a Grand Jury tally sheet. Claim B(1). As noted above, the foreperson of the Grand Jury did submit to the Clerk of Court a Record of Concurrence as was required by Rule 6(c) of the Federal Rules of Criminal Procedure. As a consequence, counsel had no factual basis for such an objection. Therefore, counsel was not deficient in this respect.

It is also alleged that counsel was ineffective for neglecting "to object to the District Court's failure to set a payment schedule with respect to restitution." Claim B(3). More specifically, the petitioner seems to find the following language in the judgment order to be objectionable :

> .... Restitution is due immediately. Payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income. No interest shall accrue as long as the defendant remains in compliance with the payment schedule ordered.

Crim. Action No. 3:06-00106; Docket Entry No. 33 at pg. 4.

5

Assuming arguendo that counsel was in some way deficient for not objecting to this language in the judgment order, the petitioner has failed to show how he was prejudiced by the alleged deficiency. *See* Docket Entry No. 2. Whether the payment schedule was laid out by the Court or the Bureau of Prisons, the result would have been the same. The petitioner was still liable for the payment of restitution in the amount of $7,932. Thus, in the absence of any showing of prejudice, counsel was not ineffective for failing to object to the restitution payment schedule set forth by the Court.

The petitioner contends that counsel was ineffective for failing to file a direct appeal to challenge the defective indictment (Claim A1) and his sentencing (Claim C1). Claim B(2). But the petitioner pled guilty to the bank robbery charges. He does not allege that he asked counsel to file a direct appeal, even though these issues were available to him at the time. In this instance, the petitioner has shown neither deficient conduct nor prejudice arising from the failure of counsel to file a direct appeal on behalf of the petitioner. Therefore, he has failed to demonstrate ineffective assistance on the part of counsel.

### III. Sentencing Issues

In 1984, Congress enacted a Sentencing Reform Act that made application of the federal sentencing guidelines mandatory. *See* 18 U.S.C. § 3553(b)(1). However, that portion of the Sentencing Reform Act that made application of the federal sentencing guidelines mandatory was later declared unconstitutional. United States v. Booker, 125 S.Ct. 738 (2005). In the petitioner's own words, his first sentencing claim states as follows :

> Because Congress' intent was to provide for
> mandatory sentencing, guaranteeing a defendant
> in a criminal case a specific mandatory sentence,

> and the Supreme Court's decision rendering the
> Guidelines advisory only alters the intent of Congress
> — something the courts have no power to do — the
> Supreme Court violated the Separation of Powers
> Doctrine when it decided Booker.

Docket Entry No. 1 at pg. 11; Claim C(1).

A violation of the Separation of Powers Clause does not occur when the United States Supreme Court reviews and overturns a Congressional enactment. Marbury v. Madison, 5 U.S. 137, 180 (1803)("a law repugnant to the Constitution is void"). Therefore, the Supreme Court was well within its authority to overturn that portion of the Sentencing Reform Act that ran contrary to the Constitution. Moreover, the petitioner has failed to show how an advisory reading of the federal sentencing guidelines, rather than a mandatory application of the guidelines, violated his rights in any way. As a result, the Court finds no merit in this claim.

The petitioner's final claim is that his criminal history score was miscalculated. Claim C(2). The petitioner had no objections to his criminal history score as set forth in the presentence report. Crim. Action No. 3:06-00106; Docket Entry No. 31. Nor did the petitioner challenge his criminal history score on direct appeal. The Court finds, therefore, that the petitioner has waived review of this claim.

Having considered the § 2255 motion and the expanded record, the Court can find no reason to vacate, set aside or correct petitioner's sentence. His motion, therefore, lacks merit and will be denied.

An appropriate order will be entered.

John T. Nixon
Senior District Judge